AO 106A  (08/18)  Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT

for the

Northern District of New York

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched*<br>*or identify the person by name and address)*<br>A Black ZTE Flip Phone, Model Z2335CC, Serial<br>#320123724205, Currently Located at the FBI Office, 250 S.<br>Clinton St., Syracuse, NY  13202, further Described in<br>Attachment A | ) <br>) <br>) <br>) <br>) <br>) |

Case No. 5:23-MJ-365 (ATB)  - 2

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

A Black ZTE Flip Phone, Model Z2335CC, Serial #320123724205, Currently Located at the FBI Office, 250 S. Clinton St., Syracuse, NY  13202, further Described in Attachment A

located in the _____ Northern _____ District of _____ New York _____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

- ☑ evidence of a crime;
- ☑ contraband, fruits of crime, or other items illegally possessed;
- ☐ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| Title 18, United States Code, Sections 2251(a); 2260A & 2252A(a)(2)(A) | Sexual Exploitation of a Child; Felony Offense Involving a Minor by a Registered Sex Offender and Receipt of Child Pornography |

The application is based on these facts:

See attached affidavit

- ☑ Continued on the attached sheet.
- ☐ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Martin H. Baranski, Special Agent

*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by

_____ telephone _____ *(specify reliable electronic means)*.

Date: _____ 05/14/2024 _____

*Judge's signature*

City and state: _____ Syracuse, New York _____

Hon. Andrew T. Baxter, U.S. Magistrate Judge

*Printed name and title*

**AFFIDAVIT IN SUPPORT OF AN
APPLICATION UNDER RULE 41 FOR A
WARRANT TO SEARCH AND SEIZE**

I, MARTIN H. BARANSKI, being duly sworn, deposes and states:

## INTRODUCTION AND AGENT BACKGROUND

1.       I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of property—two electronic devices—which are currently in law enforcement possession, and the extraction from that property of electronically stored information described in Attachment B.

2.       I am a Special Agent employed by the United States Department of Justice, Federal Bureau of Investigation (FBI), and as such I am an "investigative or law enforcement officer" of the United States who is empowered by law to conduct investigations and to make arrests for offenses enumerated in Title 18, United States Code, Chapter 63.  I have been a Special Agent with the FBI since October of 2018. I am currently assigned to the FBI's Albany Division where I investigate all federal criminal violations. I have participated in investigations of persons suspected of violating federal child pornography laws, including Title 18, United States Code, Sections 2251, 2252 and 2252A.  I have received training in the area of child sexual exploitation and have had the opportunity to observe and review examples of child pornography in all forms of media including computer media.

3.       This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all my knowledge about this matter.

## IDENTIFICATION OF THE DEVICES TO BE EXAMINED

4.       The property to be searched is a black ZTE flip phone, model Z2335CC, serial number 320123724205, hereinafter referred to as the "Subject Device". The Subject Device is

currently located at the FBI office, 250 South Clinton Street, Suite 330, Syracuse, NY 13202. As described further below, there is probable cause to believe that a search of the Subject will reveal evidence relevant to the trial of the indictment in Criminal Case No. 5:23-CR-456 (DNH) charging defendant Steven Valder with violations of 18 U.S.C. § 2251(a) (sexual exploitation of a child), 18 U.S.C. § 2260A (felony offense involving a minor by a registered sex offender) and 18 U.S.C. § 2252A(a)(2)(A) (receipt of child pornography).

5.     The applied-for warrant would authorize the forensic examination of the Subject Device for the purpose of identifying electronically stored data particularly described in Attachment B.

## PROBABLE CAUSE

1.     On or about September 22, 2009 defendant Steven Valder pled guilty in United States District Court for the Northern District of New York to Transportation and Possession of Child Pornography, in violation of Title 18, United States Code, Sections 2252A(a)(1) and 2252A(a)(5)(B), and on March 5, 2010 was sentenced on those offenses to concurrent terms of 180 months and 120 months imprisonment and lifetime supervised release.

2.     Valder began his term of supervised release on October 21, 2021.

3.     Valder was also on New York State Parole at the same time for a conviction in Cayuga County Court for Criminal Sexual Act in the First Degree, in violation of New York Penal Law, Section 130.50(1), which makes it unlawful to engage in oral sexual conduct or anal sexual conduct with another by forcible compulsion.  The victim of this offense was 14 years old at the time of the charged conduct.  Valder was sentenced to 10 years in state prison, to run concurrently with the above federal sentence.

4.      As a part of his conditions of supervision, Valder was precluded from possessing an internet-capable device, including a smartphone, unless it was registered with the United States Probation Office (USPO) and monitored as a part of their computer monitoring program.  Valder reported that he had no such device.  Instead, the only phone Valder reported to USPO was the Subject Device.

5.      On April 6, 2023, the USPO conducted a home visit at Valder's residence pursuant to its probation search authority and located multiple items that it considered contraband, including a drone and a laptop charger.  Valder had not disclosed a laptop computer to the USPO as required if the device could access the internet.

6.      On April 7, 2023, Valder failed a polygraph examination based on an examination question concerning whether he had used an electronic device to access the internet since his last polygraph. In the post polygraph examination interview, when Valder was confronted about his failure of the examination due to the question regarding accessing the internet, Valder argued with his probation officer that the test was broken and that he was being targeted. Valder would not directly answer whether he had accessed the internet and appeared to be redirecting to avoid discussing the issue.

7.      On April 17, 2023, the USPO conducted a search of Valder's residence pursuant to its search authority but did not find any internet capable devices. The USPO questioned Valder about possessing an internet capable device, and he continued to deny any wrongdoing.

8.      On May 17, 2023, the USPO located Valder outside of an address he had not reported to the USPO. A probation officer asked Valder if he consented to a search of his person, and he agreed. Valder emptied his pockets and was in possession of a black Motorola Moto G Pure cellular telephone (the Motorola phone). Valder said the Motorola phone belonged to the man he

was with when the USPO arrived. The probation officer told Valder that he was in violation of his conditions of supervised release for possessing the Motorola phone, and that he should be truthful about the passcode. Valder refused to provide the passcode.

9.      On May 31, 2023, the Honorable David N. Hurd signed a warrant for Valder's arrest on a petition alleging several violations of the conditions of Valder's supervised release. *See* NDNY Dkt. 43 in 5:09-cr-260 (DNH). Valder had an initial appearance on that petition on June 1, 2023, and has been detained since.

10.      Because the Motorola phone was locked, the USPO could not access it for a forensic search pursuant to its search authority.  After the Utica Police Department was also unsuccessful in extracting data from the locked phone, on June 13, 2023, the USPO sent the Motorola phone to the New York State Police – Forensic Investigation Center (NYSP-FIC) in Albany, New York, to attempt a forensic extraction pursuant to the USPO's search authority.

11.      The NYSP-FIC successfully obtained an extraction of the Motorola phone, and quickly observed what appeared to be child pornography.  The NYSP-FIC ceased its search at the direction of the FBI, in anticipation of the FBI seeking a search warrant for the Motorola phone and the related forensic extraction.

12.      On June 28, 2023, your affiant obtained a federal search warrant for the Motorola phone, an SD card found inside the phone, and the NYSP-FIC's extraction. Your affiant reviewed a forensic extraction of the device and discovered produced child pornography images that were produced with the Motorola phone, as well as general child pornography that appeared to be received from the internet. Further investigation led to the identification of two minor male children.

13.     Child forensic interviews were performed with the minor male children. They both positively identified Valder and confirmed that they were the males depicted in the produced images on Valder's phone, some of which were child pornography, some of which depict the two boys playing in a park.

14.     On December 6, 2023 a superseding indictment was filed by a federal grand jury charging Valder with two counts of Sexual Exploitation of a Child, in violation of 18 U.S.C. § 2251(a), one count of Felony offense Involving a Minor by a Registered Sex Offender, in violation of 18 U.S.C. § 2260A, and one count of Receipt of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A).

15.     Trial of this indictment is scheduled to commence in Utica, NY on June 24, 2024. Valder continues to deny that the Motorola phone was his, and denies knowing either of the minor male children depicted in photos taken with and found on the phone.  Accordingly, evidence of attribution is relevant evidence of the crimes charged in the indictment.  The Motorola phone bears some indicia that it was used exclusively by Valder, including "selfie" and other pictures of himself, text messages to known associates, references to parole and probation visits, and references to his true date of birth.  However, the name used most by the user of the Motorola phone is Steven Hunter.  The Subject Device (Valder's reported phone, which is also registered to him in the NYS Sex Offender Registry) was secured from Valder by the USPO, and because it is likely to contain a call log and other attribution information, such as contacts, and dates and times of activity, that can be compared to similar content on the Motorola phone, there is probable cause to believe it contains evidence linking Valder to the Motorola phone, and accordingly to the crimes for which he has been indicted.

16.     The Subject Device is currently in storage at the FBI office at 250 South Clinton Street, Suite 330, Syracuse, NY 13202. In my training and experience, I know that the Subject Device has been stored in a way that its contents are, to the extent material to this investigation, in substantially the same state as they were when they first came into the possession of the USPO.

## ELECTRONIC STORAGE AND FORENSIC ANALYSIS

17.     Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period on the device. This information can sometimes be recovered with forensics tools.

18.     *Forensic evidence.* As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the Subject Device was used, the purpose of its use, who used it, and when. There is probable cause to believe that this forensic electronic evidence might be on the Subject Device because:

a.   Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file).

b.   Forensic evidence on a device can also indicate who has used or controlled the device.  This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

c.   A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

6

d.  The process of identifying the exact electronically stored information on a storage medium that is necessary to draw an accurate conclusion is a dynamic process.  Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves.  Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

e.  Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

19.  *Nature of examination.*  Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the device consistent with the warrant and a review of the forensic extraction performed by NYSP-FIC. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

20.  *Manner of execution.*  Because this warrant seeks only permission to examine a device already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises.  Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## CONCLUSION

21.  I submit that this affidavit supports probable cause for a search warrant authorizing the examination of the Subject Device described in Attachment A to seek the items described in Attachment B.

7

Attested to by the affiant:

Martin H. Baranski, Special Agent
Federal Bureau of Investigation

I, the Honorable Andrew T. Baxter, United States Magistrate Judge, hereby acknowledge that this affidavit was attested by the affiant by telephone on the 14th day of May 2024 in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

Hon. Andrew T. Baxter
United States Magistrate Judge

8

## **ATTACHMENT A**

The property to be searched is a black ZTE flip phone, model Z2335CC, serial number 320123724205 that is currently located at the FBI office, 250 South Clinton Street, Syracuse, NY 13202.

This warrant authorizes the forensic examination of the Subject Device for the purpose of identifying the electronically stored information described in Attachment B.

## ATTACHMENT B

All records constituting fruits, evidence, and/or instrumentalities of violations of 18 U.S.C. § 2251(a) (sexual exploitation of a child), 18 U.S.C. § 2260A (felony offense involving a minor by a registered sex offender) and 18 U.S.C. § 2252A(a)(2)(A) (receipt of child pornography):

a.    Records and other information concerning ownership and/or control of the device identified in Attachment A, including call logs, contacts, times and dates of calls, the content of and dates/times of text messages (SMS/MMS) that tends to identify the user of the phone.

b.    Records and information relating to the use of the name Steven Hunter.

c.    Records and information relating to the ownership or use of a Motorola Moto G Pure cellular telephone seized from Steven Valder and currently in FBI custody, including a timeline of dates/times of use, contacts, phone numbers, or other communications consistent with a common user.

d.    Records of any passwords, passcodes, electronic keys, encryption codes, or any other record that may be used to gain access to all or part of the data on the Subject Device, or the Motorola Moto G Pure cellular telephone seized from Steven Valder and currently in FBI Custody.

This warrant authorizes a review of the Subject Device pursuant to this warrant to locate evidence, fruits, and instrumentalities described in this warrant. The review of the data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the FBI may deliver a complete copy of the seized or copied data to the custody and control of attorneys for the government and their support staff for their independent review.

### Photographs and Recordings of Search

During the search of the devices and forensic extraction identified in Attachment A, photographs and/or recordings may be taken to record the condition thereof and/or the location of items therein or thereon.